## E. B. SORENBERGER *v.* JOEL HOUGHTON.

*Trespass.   Fence.   Charge to Jury.*

In trespass *quare clausum,* for the entering of cattle, if the defendant does not defend on the ground of defect in the plaintiff's fence, it is not incumbent on the plaintiff to show that his fence was legal in order to make out his right of recovery; therefore, the charge of the court "that there being no evidence tending to show that the plaintiff's fence was not a legal fence, or satisfactory to the defendant, or that the defendant's cattle ever went on to the plaintiff's land by reason of the plaintiff not having a legal fence, the presumption is that the plaintiff's fence was legal," could work no detriment to the defendant, and was not subject to exception.

Sorenberger *v.* Houghton.

THIS was an action of trespass *quare clausum fregit.* Plea, the general issue, and trial by jury at the September Term, 1867, WILSON, J., presiding. It appeared that for about thirteen years before the commencement of this suit, the plaintiff and defendant were adjoining landowners; that their adjoining lands were respectively used as pasture lands; that prior to 1861 they divided the fence between them.

The plaintiff introduced testimony tending to prove that the defendant's cattle and horses every year, from about the middle of May, 1861, to the time this suit was commenced, which was in 1867, broke and entered the plaintiff's said land, and eat up, trod down and destroyed the plaintiff's grass on his said land; that the defendant's portion of said division fence was, during the years 1864, 1865 and 1866, out of repair, and wholly insufficient; that during the thirty-two years the defendant's cattle and horses escaped from the defendant's pasture, over his portion of said division fence, into the plaintiff's pasture and meadow, &c.; also that his portion of the division fence between him and the defendant was legal and sufficient during the years 1865 and 1866, and there was no testimony to the contrary.

No witness testified as to the condition of the plaintiff's said fence during the years 1861, 1862, 1863 or 1864, and no evidence was introduced tending to show the defendant's cattle or horses ever got into the plaintiff's said enclosure through the fault of the plaintiff in not maintaining a legal fence.

The defendant introduced no testimony in relation to the alleged trespass, nor in relation to the division fence on said line.

The plaintiff's testimony also tended to show the amount of the damage done by the defendant's cattle and horses on the plaintiff's land.

The court charged the jury, among other things not excepted to, that there being no evidence in the case tending to show that the plaintiff's fence was not a legal fence in the years of 1861, 1862, 1863 or 1864, or that the plaintiff's fence was not satisfactory to the defendant, or that the defendant's horses or cattle ever went into the plaintiff's pasture or meadow, or on to his land, by reason of the plaintiff

not having a legal fence, the presumption was that the plaintiff's fence was, prior to 1865, a legal and sufficient fence,—to which the defendant excepted.

Verdict for the plaintiff.

*Dewey & Noble*, for the defendant.

*Benton & Wilson* and *M. R. Tyler*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J.  This is trespass *quare clausum* for breaking and entering of the defendant's cattle into the plaintiff's close.

The evidence of the plaintiff showed the fact as alleged.  There was no evidence to the contrary.

This would authorize the court to tell the jury that, if they believed the evidence, the plaintiff was entitled to recover.  It was not necessary that the plaintiff should give any evidence as to quality of his fence, or that it was what is called legal fence. ' Though evidence was given on that subject, yet none of it tended to show that his fence was not legal, or that the cattle got into the plaintiff's close through any defect of the plaintiff's fence.  Consequently there was no ground of defence on this account.

In the argument, the point relied on is the part of the charge as to presumptions of the legal sufficiency of the plaintiff's fence.  ·If it had been incumbent on the plaintiff to show that his fence was legal, in order to make out his right of recovery, we should think, upon the state of the evidence in this case, that that part of the charge would be erroneous.

But, as it was not thus incumbent on the plaintiff, inasmuch as the defendant did not undertake to defend on the ground of defect in the plaintiff's fence, that instruction to the jury had no office to serve, and could not work any detriment to the defendant.  The plaintiff's right did not need such presumption, as the case stood on the evidence.

The judgment is affirmed,