## JOHN E. EDDY v. L. T. KINNEY AND ANOTHER.

### Fence. R. L. s. 3184. Contributory Negligence.

Under the statute,—R. L. s. 3184,—one is not guilty of contributory negligence in turning his cattle into his pasture although he has knowledge that the division fence of an adjoining landowner is insufficient, and that if his cattle should escape into such owner's field they would be liable to injury; and in an action to recover for injuries to the plaintiff's cattle, evidence is not admissible in behalf of the defendant to prove such knowledge.

ACTION on the case for negligence. Trial by jury, September Term, 1887, TAFT, J., presiding. Verdict for the plaintiff.

The parties were adjoining landowners of occupied lands in Marshfield, Vt. The Montpelier & Wells River Railroad crossed said lands. The lands of the parties were separated by a fence, which was legally divided. There was a fence between the plaintiff's land and the railroad track, but none between the track and the defendants' land. The part of the fence between the parties' lands which the defendants were bound to keep in repair was insufficient. By reason of such insufficiency the plaintiff's cattle escaped from his pasture over the defendants' fence into the latter's pasture, and from thence strayed on to the railroad track and were killed. The loss from such killing is sought to be recovered in this action.

*Heath & Fay*, for the defendants.

It was the duty of the plaintiff, if he knew of the insufficiency of the fence, to have given the notice provided for by section 3184, Rev. Laws, and build the fence, and in failing to do so, it was negligence.

In Massachusetts, under a statute very similar to ours, it has been held negligence to turn cattle into a pasture insufficiently fenced, even though it be the duty of another to fence it, if the want of fence be known to the one turning them in. Mass. Pub. Statutes, chap. 36, ss. 1–4; *Lyon* v. *Merrick*, .105 Mass. 71.

Contributory negligence is a defence. Shearm. & Redf. Neg. s. 25; Whar. Neg. s. 300; *Burdick* v. *Worrall*, 4 Barb. 596; *Heil* v. *Glanding*, 42 Pa. St. 493; *Beatty* v. *Gilmore*, 16 Pa. St. 463; *Briggs* v. *Guilford*, 8 Vt. 264; *Trow* v. *Central R. R. Co.* 24 Vt. 487; 15 Wis. 598; *Saxon* v. *Bacon*, 31 Vt. 540.

Whether the plaintiff was negligent or not was a question for the jury. *Allen* v. *Hancock*, 16 Vt. 230; *Willard* v. *Pinard*, 44 Vt. 34; *Hill* v. *New Haven*, 37 Vt. 510; *Hyde* v. *Jamaica*, 27 Vt. 443.

The evidence was admissible to show the plaintiff's knowledge of the insufficiency of the fence.

*J. P. Lamson*, for the. plaintiff.

The action is founded on section 3184 of the Revised Laws. The rights of the plaintiff have been fully determined under this statute by this court. *Saxton* v. *Bacon*, 31 Vt. 540; *Sorenberger* v. *Houghton*, 40 Vt. 150; *Keenan* v. *Cavanaugh*, 44 Vt. 268.

The law of contributory negligence does not apply. The plaintiff having complied with the statute owed the defendants no duty. The damage was the direct result of the defendants' negligence.

.The opinion of the court was delivered by

Ross, J. The uncontroverted facts, shown by the plaintiff, entitled him to a judgment unless the offered testimony of the defendants was admissible. The parties own adjoining occupied lands, between which the fence was divided. The defendants' portion of the division fence was insufficient and out of repair.

The plaintiff's cattle escaped from his pasture over the insufficient portion of the defendants' fence and were injured. The defendants offered to show that the plaintiff knew of the insufficiency in the defendants' portion of the division fence, and of the liability of his cattle to be injured if they escaped from his pasture over the insufficient fence, and so was guilty of contributory negligence by turning the cattle into his own pasture. The court rejected the offered testimony, and the rejection is the error complained of. It is provided by section 3184, Rev. Laws: " When a person bound to support a proportion of a division fence does not make or maintain his proportion he shall be liable for damages done to or suffered by the opposite party in consequence of such neglect, and a person who thus sustains damage may, after ten days from the time notice is given to the opposite party, make or put in repair the fence, and recover of the opposite party damages arising from the neglect, with the expense of building or repairing the fence." This section of the law was enacted in 1853. It has been several times before this court for consideration. *Saxton* v. *Bacon*, 31 Vt. 540; *Sorenberger* v. *Houghton*, 40 Vt. 150; *Keenan* v. *Cavanaugh*, 44 Vt. 268.

It has always been treated as determining the rights of the parties. In *Saxton* v. *Bacon*, *supra*, it was contended that the party injured could only recover in pursuance with the terms of the statute, and upon it; but it was held that he might recover for the injury in a common law action. The contention of the defendant that the party injured must give the notice, and build or repair the fence before he could recover, was denied. It has also been held that it is not necessary for the plaintiff to show that his proportion of the division fence was legally sufficient to entitle him to recover if he showed that his cattle escaped over the insufficient proportion of the fence which the defendant was bound to maintain. *Sorenberger* v. *Houghton*, 40 Vt. 150. All the cases proceed upon the theory that where the parties have once divided and built the division fence, each, as against the other,

has the right to assume that the other has claimed to discharge his legal duty in that behalf, and has the right to occupy his own lands. Such occupant is under no duty in regard to the sufficiency of the other's proportion of the division fence. His occupancy of his own land,—although in his judgment the other has not fully discharged his legal duty in maintaining his portion of the division fence,—cannot be said to be strictly contributory negligence. He had the right to occupy his own land. He owed the defendant no duty to refrain from occupying it. He was under no duty to put the defendant's proportion of the fence in legal repair. By the terms of the statute he could not do it until after he had sustained an injury. In the exercise of the right to occupy his own pasture the plaintiff's cattle were placed in a position where they might be injured through the defendant's neglect to discharge his legal duty in maintaining his proportion of the division fence. To hold that such occupancy is negligence, contributing to the escape of the cattle, is a *non sequitur.* As well might it be held that the use of a defective highway by a traveller, however prudently, is negligence contributing to whatever injury he may receive. Such holding would compel every adjoining occupant to judge of and determine the legal sufficiency of the other's proportion of the fence, and if he judged it insufficient, to occupy his own land at his peril. This is counter to the language and spirit of the statute which makes the adjoining proprietor, whose duty it is to maintain a portion of the division fence, liable to the other adjoining proprietor for damages done to or suffered by him in consequence of his neglect to discharge that duty. The spirit and language of the statute, and of the decisions of this court, construing it, uphold the decision of the County Court in rejecting the offered testimony.

The judgment is affirmed.